DON A. COOPERMAN
ATTORNEY AND COUNSELOR AT LAW

FIVE PENN PLAZA
23RD FLOOR
NEW YORK, NEW YORK 10001
———
(212) 835–1592
FAX (212) 849–6901
CELL (631) 379–1122

January 15, 2011

To:   Hon. Steven M. Gold                                                (by ECF and Fax)
      United States District Court
      225 Cadman Plaza East
      Brooklyn, New York 11201

Re:   Roseanne Stephens v. Alken Tours, Inc. et al.,
      Case No. 08 cv 4934 (SMG)

Dear Judge Gold:

As attorney for the Defendants in the above captioned matter and with the permission of the Court, I am tendering this submission including, at the Court's request, a comprehensive analysis of Plaintiff's Exhibit 2 (partially contemporaneous notebook entries made by the Plaintiff as to scheduling covering a period from January 23, 2003 to April, 2004).

An analysis of this Exhibit in the Plaintiff's own hand contradicts the Plaintiff's conflicting sworn statements in the Plaintiff's pleadings Affidavit that she regularly worked at least 60 hours per week as well as the Plaintiff's conflicting trial testimony that she regularly worked approximately 50 hours per week. Please note that there was testimony from the head bookkeeper (Mr. Grandison) that the office was only open from 9:00am to 6:00pm Monday through Friday – with workers getting a full hour off each day for lunch – and approximately 10:00am to 2:00pm on Saturday and that the office was closed on Sunday. Please further note that despite the Plaintiff's claim that she often worked on Sundays, the notebook entries show Sunday dates as blank.

Following is a Monday to Sunday weekly breakdown of Plaintiff's Exhibit 2:

| Week | Plaintiff's Scheduled Workdays As Indicated by Plaintiff |
|---|---|
| Jan. 20 – Jan. 26, 2003 | 2 |
| Jan. 27 – Feb. 2, 2003 | 1 |
| Feb. 3 – Feb. 9, 2003 | 1 |
| Feb. 10 – Feb. 16, 2003 | 4 |
| Feb. 17 – Feb. 23, 2003 | 2 (including "snow day") |
| Feb. 24 – March 2, 2003 | 1 (plus 2 days not worked but paid – "bereavement") |
| March 3 – March 9, 2003 | 6 |
| March 10 – March 16, 2003 | 5 |
| March 17 – March 23, 2003 | 3 |
| March 24 – March 30, 2003 | 4 |
| March 31 – April 6, 2003 | 4 |
| April 7 – April 13, 2003 | 3 * |
| April 14 – April 20, 2003 | 3 |

| | |
|---|---|
| April 21 – April 27, 2003 | 4 |
| April 28 – May 4, 2003 | 3 |
| May 5 – May 11, 2003 | 3 |
| May 12 – May 18, 2003 | 4 * |
| May 19 – May 25, 2003 | 3 * |
| May 26 – June 1, 2003 | 4 * |
| June 2 – June 8, 2003 | 3 |
| June 9 – June 15, 2003 | 4 |
| June 16 – June 22, 2003 | 3 |
| June 23 – June 29, 2003 | 4 |
| June 30 – July 6, 2003 | 3 |
| July 7 – July 13, 2003 | 2 (or 0 – maybe vacation) |
| July 14 – July 20, 2003 | 4 |
| July 21 – July 27, 2003 | 3 to 4 * |
| July 28 – Aug. 3, 2003 | 3 to 5 * |
| Aug. 4 – Aug. 10, 2003 | 3 to 5 * |
| Aug. 11 – Aug. 17, 2003 | 4 (includes 1 day designated as "blackout" day) |
| Aug. 18 – Aug. 24, 2003 | 6 * |
| Aug. 25 – Aug. 31, 2003 | 3 |
| Sept. 1 – Sept. 7, 2003 | 3 |
| Sept. 8 – Sept. 14, 2003 | 3 |
| Sept. 15 – Sept. 21, 2003 | 3 |
| Sept. 22 – Sept. 28, 2003 | 3 |
| Sept. 29 – Oct. 5, 2003 | 3 |
| Oct. 6 – Oct. 12, 2003 | 4 |
| Oct. 13 – Oct. 19, 2003 | 4 |
| Oct. 20 – Oct. 26, 2003 | 3 to 5 * |
| Oct. 27 – Nov. 2, 2003 | 3 to 5 * |
| Nov. 3 – Nov. 9, 2003 | 0 to 3 * |
| Nov. 10 – Nov. 16, 2003 | 4 |
| Nov. 17 – Nov. 23, 2003 | 3 |
| Nov. 24 – Nov. 30, 2003 | 2 |
| Dec. 1 – Dec. 7, 2003 | 3 |
| Dec. 8 – Dec. 14, 2003 | 3 to 5 * |
| Dec. 15 – Dec. 21, 2003 | 2 |
| Dec. 22 – Dec. 28, 2003 | 0 to 3 * |
| Dec. 29 – Jan. 4, 2004 | 0 to 5 * |
| Jan. 5 – Jan. 11, 2004 | 4 |
| Jan. 12 – Jan. 18, 2004 | 4 |
| Jan. 19 – Jan. 25, 2004 | 2 |
| Jan. 26 – Feb. 1, 2004 | 5 |
| Feb. 2 – Feb. 8, 2004 | 5 |
| Feb. 9 – Feb. 15, 2004 | 3 |
| Feb. 16 – Feb. 22, 2004 | 5 |
| Feb. 23 – Feb. 29, 2004 (Leap year) | 5 |
| March 1 – March 7, 2004 | 6 |
| March 8 – March 14, 2004 | 6 |
| March 15 – March 21, 2004 | 5 |

March 22 – March 28, 2004        5 (no "clock in" entries)

March 29 – April ?        3 (no "clock in" entries)

\*      All asterisk marked weeks have conflicting dates in the left column and the right column making it difficult to ascertain the dates referenced, but in all such cases the above chart tries to give the Plaintiff the benefit of counting days as worked.

Of the 63 weeks covered by Plaintiff's Exhibit 2, there are only 3 weeks indicating a work week of more than 5 days. There was testimony regarding 8 hour workdays (9:00am to 6:00pm minus 1 hour for lunch Monday to Friday and approximately 4 hour workdays on Saturday. On the 3 weeks where the Plaintiff apparently scheduled herself for 6 workdays, they each seem to include a Saturday. As the Plaintiff's attorney states in paragraph IV of his January 14th, 2011 writing, the Exhibit entries do not include leaving times or lunch times so even on those "6 day" weeks it cannot be presumed that the Plaintiff worked more than 40 hours. Also, by the Plaintiff's own testimony she was paid overtime 30% of the time. The three 6 day work weeks shown – out of 63 weeks – is less than 5% of the total weeks covered by the Exhibit period. There is no record that the Plaintiff ever worked on a Sunday.

Plaintiff's church friend witnesses merely indicated that the Plaintiff frequently was at the office conducting personal telephone conversations.

Defendant's witness, Mr. Grandison, the only substantive witness without "a dog in the hunt," corroborated Ms. Lawrence-Haughton's testimony that the office was closed on Sundays and that no hourly workers were to have worked in excess of 40 hours per week and that he prepared the payroll submissions and could independently corroborate that Ms. Stephens did not work in excess of 40 hours per week at any time between 2001 and her termination. If anything, Plaintiff's Exhibit 2 undermines the Plaintiff's conflicting statements about hours worked and supports the independent witness, Mr. Grandison, and the Defendant.

The only evidence supporting the Plaintiff was her own testimony in which she made contradictory claims and which itself is largely refuted by the Exhibit 2 she presented. The Defendant's testimony, Mr. Grandison's testimony – and Plaintiff's Exhibit 2 – and Plaintiff's own testimony (I regularly worked 60 hours, I regularly worked 50 hours, I worked many Sundays, I didn't get paid overtime, I got paid overtime 30% of the time) all support a finding in favor of the Defendant.

Yours truly,

/s/ Don Cooperman

Don A. Cooperman


cc:    David Abrams, Esq.